

MAR 25 2014

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | | |
|---|---|---|
| TAREK MAARABA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:13-cv-1564 |
| | ) | |
| STANLEY CONVERGENT SECURITY SOLUTIONS, INC. | ) ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION

This matter comes before the Court on Defendant Stanley Convergent Solution Inc.'s ("Defendant's" or "Stanley's") Motion to Dismiss.

Plaintiff Tarek Maaraba ("Plaintiff" or "Mr. Maaraba") was employed by Stanley as an Executive Security Consultant from May 2012 to August 1, 2013. As an employee of Stanley, Mr. Maaraba initiated contact with TechnoSource, LLC in order to form a business relationship between Stanley and TechnoSource. Stanley and TechnoSource entered into a Teaming Agreement for federal contracting work on March 19, 2013. Mr. Maaraba's role regarding the contracts with Stanley and TechnoSource diminished beginning in April 2013. By May 2013, Mr. Maaraba had been removed from all contracts with Stanley and TechnoSource and received no further commissions from these contracts. Mr. Maaraba was placed

on a Performance Improvement Plan in June of 2013 for failure to meet his sales quota. Mr. Maaraba's employment with Stanley was terminated on August 1, 2013.

Based on these facts, Plaintiff filed a Complaint against Defendant in the Circuit Court of Fairfax County. The case was removed to the United States District Court for the Eastern District of Virginia, Alexandria Division, on December 20, 2013 on the basis of diversity jurisdiction. This Court granted Defendant's Motion to Dismiss on January 24, 2014 on grounds that Plaintiff's claim for fraud was not pled with sufficient particularity under Federal Rule of Civil Procedure 9(b). Plaintiff was given 14 days to file an amended complaint, which he did on February 7, 2014.

In his Amended Complaint, Plaintiff alleges claims for actual fraud and constructive fraud, asserting that Plaintiff was fraudulently induced by Defendant to work to obtain the Teaming Agreement with TechnoSource and secure the federal contracting work for the benefit of Defendant. Plaintiff alleges that Defendant delayed its decision to terminate his employment and made certain promises of work and commissions in order to induce Plaintiff to secure the Teaming Agreement with TechnoSource.

In order to survive a Federal Rule of Civil Procedure Rule 12(b)(6) motion to dismiss, a complaint must set forth "a claim

for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Twombly, 550 U.S. at 556. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 555. Further, "conclusory allegations regarding the legal effect of the facts alleged" need not be accepted. Labram v. Havel, 43 F.3d 918, 921 (4th Cir. 1995).

In order to plead his fraud claim, Plaintiff must plead (1) a false representation; (2) of material fact; (3) made intentionally and knowingly; (4) with intent to mislead; (5) reasonable reliance by the party misled; and (6) resulting damage to the misled party. Prospect Dev. Co., Inc. v. Bershader, 258 Va. 75 (1999). Additionally, Plaintiff "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Plaintiff needs to allege with particularity, "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Harrison v.

3

Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999).

Plaintiff's Complaint fails to plead both the requisite intent to mislead and reasonable reliance by the party misled and thus fails to state a plausible claim of action for fraud under Virginia law. First, in regards to the "intent" requirement, a fraud claim "must relate to a present or pre-existing fact, and cannot ordinarily be predicated on unfulfilled promises or statements as to future events." Enomoto v. Space Adventures, Ltd., 624 F.Supp.2d 443, 454 (E.D. Va. 2009) (quoting McMillion v. Dryvit Sys., Inc., 262 Va. 463 (2001)); Patrick v. Summers, 235 Va. 452, 454 (1988) (quoting Soble v. Herman, 175 Va. 489, 500 (1940)). "[T]he mere expression of an opinion, however strong and positive the language may be, is not a statement of present fact." Enomoto v. Space Adventures, Ltd., 624 F.Supp.2d at 454 (quoting Mortarino v. Consultant Eng'g Servs., Inc., 251 Va. 289 (1996) (citing Saxby v. S. Land Co., 109 Va. 196 (1909))). "While circumstantial evidence may be used to support a reasonable inference of fraud, mere failure to perform is generally not evidence of a lack of intent to perform at the time the contract was formed." Cyberlock Consulting Inc. v. Information Experts, 876 F.Supp.2d 672, 681 (E.D. Va. 2012). "The reason for this rule is that a 'mere promise to perform an act in the future is

4

not, in a legal sense, a representation, and a failure to perform it does not change its character.'" Cyberlock Consulting Inc. v. Information Experts, 876 F.Supp.2d at 681 (citing Enomoto v. Space Adventures, Ltd., 624 F.Supp.2d at 454). "Were the rule otherwise, every breach of contract could be made the basis of an action in tort for fraud." Enomoto v. Space Adventures, Ltd., 624 F.Supp.2d at 454 (quoting Blair Const., Inc. v. Weatherford, 253 Va. 343 (1997)).

Here, Mr. Maaraba bases his claim on an unfulfilled promise as to future events. Mr. Maaraba maintains that Stanley made promises of future work on contracts and commissions in order to induce him to secure the Teaming Agreement with TechnoSource. Mr. Maaraba has not offered any facts evidencing a lack of intent to fulfill these employment promises at the time they were made. Plaintiff bases his claim on conclusory allegations of intent not to perform relating to unfulfilled promises of future events. Thus, he has failed to satisfy the "intent" requirement and has failed to state a plausible claim for fraud.

Furthermore, Plaintiff has failed to plead that his reliance was reasonable. "In order to prove reliance, a plaintiff must demonstrate that its reliance upon the representation was reasonable and justified." Hitachi Credit America Corp. v. Signet Bank, 166 F.3d 614, 628 (4th Cir. 1999) (quoting Meridian Title Ins. Co. v. Lily Homes, Inc., 735

5

F.Supp. 182, 185 (E.D. Va. 1990)). As an "at-will" employee, Mr. Maaraba's reliance on prospective performance-based commissions cannot form the basis of reasonable reliance. "In Virginia, an employment relationship is presumed to be at-will, which means that the employment term extends for an indefinite period and may be terminated by the employer or employee for any reason upon reasonable notice." County of Giles v. Wines, 262 Va. 68, 72 (2001). As an "at-will" employee, Stanley could terminate Mr. Maaraba's employment at any time, for any reason. Such termination would preclude Mr. Maaraba's right to recover any potential commissions on prospective contracts. Thus, Mr. Maaraba's reliance to be paid commissions for prospective contracts is unreasonable, and he has failed to allege reasonable reliance as is necessary to state a fraud claim under Virginia law.

For the aforementioned reasons, this Court finds that Defendant's Motion to Dismiss should be granted. An appropriate order shall issue.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
March 25, 2014